**COPY**

1  PATRIC HOOPER (State Bar No. 57343)
   E-Mail: phooper@health-law.com
2  MICHAEL S. HOUSKE (State Bar No. 218830)
   E-Mail: mhouske@health-law.com
3  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
4  Los Angeles, California 90067-2517
   Telephone: (310) 551-8111
5  Facsimile: (310) 551-8181

6  Attorneys for Defendants John Textor,
   Jonathan Teaford and Wyndcrest DD
7  Florida, Inc.

8

                **UNITED STATES DISTRICT COURT**

9

        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  CARL STORK, an individual,           CASE NO. **CV10 7631 JHN PLAx**

12            Plaintiff,                 **NOTICE OF REMOVAL**

13       vs.                             **[DIVERSITY]**

14  JOHN TEXTOR, an individual;
15  JONATHON TEAFORD, an
    individual; WYNDCREST DD             Complaint Filed: September 8, 2010
16  FLORIDA, INC., a Florida
    Corporation; and Does 1 through 50,
17  inclusive,

18            Defendants.

19

20

21

22

23

24

25

26

27

28

1086906.1

NOTICE OF REMOVAL

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF**

2  **RECORD:**

3      PLEASE THAT NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446,

4  Defendants John Textor ("Textor"), Jonathan Teaford ("Teaford") and Wyndcrest

5  DD Florida, Inc. ("WDDF"") (collectively, "Defendants") remove to this Court the

6  state-court action described in Paragraph 1 below.

**THE REMOVED CASE**

7

8      1.    The removed action is a civil action served on Teaford and WDDF on

9  or about September 10, 2010, and served on Textor on September 11, 2010, venued

10  in the Superior Court for the State of California, County of Los Angeles, West

11  District, and styled as *Carl Stork v. John Textor, et al.*, LASC Case No. SC 109526.

12      2.    The case filed with the Superior Court for the State of California,

13  County of Los Angeles on September 8, 2010.

14  **PAPERS FROM THE REMOVED ACTION**

15      3.    As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of

16  all process, pleadings, and orders served upon Defendants in this removed case.

17  **REMOVAL IS TIMELY**

18      4.    The date on which Teaford and WDDF received a summons and

19  complaint in the removed action was September 10, 2010.  The date on which

20  Textor received a summons and complaint in the removed action was September 11,

21  2010.  This notice of removal is timely under 28 U.S.C. § 1446(b) because the

22  thirtieth day after service of the summons and complaint fell on a Sunday, which

23  was then followed by a legal holiday, Columbus Day.  Pursuant to Federal Rule of

24  Civil Procedure 6(a)(1)(c), in computing time, "if the last day is a Saturday, Sunday

25  or legal holiday, the period continues to the next day that is not a Saturday, Sunday

26  or legal holiday.  Pursuant to Federal Rule of Civil Procedure 6(a)(6), Columbus

27  Day is a legal holiday.

28      5.    No further proceedings have occurred in this matter in the Superior

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Court for Los Angeles County as of the date of the filing of this Notice of Removal.

2  **VENUE REQUIREMENT IS MET**

3      6.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this

4  Court is the United States District Court for the district and division corresponding

5  to the place where the state-court action was pending.

6  **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

7      7.      This is a civil action that falls within the Court's original jurisdiction

8  under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to

9  this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

10     8.      As set forth in Paragraph 2 of the Complaint, "plaintiff Carl Stork

11  ("Plaintiff") is, and at all times mentioned herein was, a citizen of the State of

12  Washington."

13     9.      As set forth in Paragraph 3 of the Complaint, "Textor is, and at all

14  times mentioned herein was, a citizen of the State of Florida."

15     10.     As set forth in Paragraph 4 of the Complaint, "Teaford is, and at all

16  times mentioned herein was, a citizen of the State of Florida."

17     11.     As set forth in Paragraph 4 of the Complaint, "WDDF is, and at all

18  times mentioned herein was, a corporation organized under the laws of Florida with

19  its principal place of business in Port St. Lucie, Florida."

20     12.     Exclusive of Doe Defendants, all Defendants join in this Notice of

21  Removal.  Pursuant to 28 U.S.C. § 1441(a), for purposes of removal, "the

22  citizenship of defendants sued under fictitious names shall be disregarded."

23  **AMOUNT IN CONTROVERSY EXCEEDS $75,000**

24     13.     The monetary value of the amount in controversy in this matter exceeds

25  $75,000, exclusive of interests and costs.

26     14.     Plaintiff seeks rescission of a stock purchase agreement involving

27  Plaintiff's stock sale in the amount of $530,000, as stated in paragraphs 52 through

28  59 of the Complaint.  Plaintiff also alleges, in paragraphs 25 through 30, fraud as to

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Textor's and Teaford's transfer of stock of Digital Domain to WDDF for an

2  aggregate purchase price of $8.8 million.  Plaintiff further alleges, in paragraphs 19

3  and 31 through 32, that Defendants fraudulently concealed a $65 million letter of

4  intent to purchase Digital Domain.

5                      **REQUIREMENTS FOR REMOVAL MET**

6         15.    The state court action may be removed to this Court by Defendants in

7  accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a

8  civil action pending within the jurisdiction of the United States District Court for the

9  Central District of California, Western Division; (ii) this action is between citizens

10  of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of

11  interests and costs.

12         16.    If any question arises as to the propriety of the removal of this action,

13  Defendant request the opportunity to brief any disputed issues and to present oral

14  argument in support of their position that this case is properly removable.

15         17.    Nothing in this Notice of Removal shall be interpreted as a waiver or

16  relinquishment of any of Defendants' rights to assert any defense or affirmative

17  defense including, without limitation, the defenses of 1) lack of personal

18  jurisdiction; 2) improper venue: 3) insufficiency of service of process; 4) improper

19  joinder of claims and/or parties; 5) failure to state a claim; 6) failure to join an

20  indispensible party(ies); or any other procedural or substantive defense available

21  under state or federal law.

22                        **FILING OF REMOVAL PAPERS**

23         18.    Pursuant to 28 U.S.C. § 1446(d), Defendants shall serve written notice

24  of this removal of this action on plaintiff's counsel, and a Notice of Filing of Notice

25  of Removal will be filed with the Superior Court for the State of California, County

26  of Los Angeles, West District.  A true and correct copy of this Notice is attached as

27  Exhibit B.

28         19.    Defendants reserve the right to amend or supplement this Notice of

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1  Removal.

2  **WHEREFORE**, Defendants hereby remove the above caption action from

3  the Superior Court of the State of California, County of Los Angeles, West District,

4  and request that further proceedings be conducted in this Court as provided by law.

5

6  DATED: October 11, 2010        Respectfully submitted,

7                                 HOOPER, LUNDY & BOOKMAN, P.C.

8

9  By: _____

10                                 MICHAEL S. HOUSKE
                                   Attorneys for Defendants John Textor, Jonathan
                                   Teaford and Wyndcrest DD Florida, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1086906.1

# EXHIBIT A

8/9/2010, 8:33 PM
Stephen Smith

SUM-100

## SUI IONS
### (CITACION JUDICIAL)

CPS#1385

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 08 2010

John A. Clarke, Executive Officer/Clerk

by Januler Dennam, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JOHN TEXTOR, an individual; JONATHAN TEAFORD, an individual;
WYNDCREST DD FLORIDA, INC., a Florida corporation; and Does 1 through
50 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARL STORK, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, California<br>90401 | CASE NUMBER:<br>*(Número del Caso):*<br>**SC109526** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Miles J. Feldman, Esq.
LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Ave., 14th Floor Los Angeles, CA 90024-3501  (310) 500-3500

J. Denham

DATE:      SEP 08 2010                     Clerk, by _____ , Deputy
*(Fecha)*                                  *(Secretario)*              *(Adjunto)*

JOHN A. CLARKE

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

SEP 0 8 2010

John A. Clarke, Executive Officer/Clerk

By Jennifer Denham, Deputy

1  Miles J. Feldman, Esq. (SBN: 173383)
    mfeldman@linerlaw.com
2  Kristina Fredericks, Esq. (SBN: 230096)
    kfredericks@linerlaw.com
3  LINER GRODE STEIN YANKELEVITZ
    SUNSHINE REGENSTREIF & TAYLOR LLP
4  1100 Glendon Avenue, 14th Floor
    Los Angeles, California 90024-3503
5  Telephone: (310) 500-3500
    Facsimile: (310) 500-3501
6
    Attorneys for Plaintiff
7  CARL STORK

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES, WEST DISTRICT**

10

11  CARL STORK, an individual,                    Case No.  SC109526

12          Plaintiff,              **COMPLAINT FOR:**

13      vs.                            (1)  **FRAUD;**  JACQUELINE CONNOR

14  JOHN TEXTOR, an individual;         (2)  **VIOLATION OF CAL. CORP.**
    JONATHAN TEAFORD, an individual;    **CODE SECTION 25401;**
15  WYNDCREST DD FLORIDA, INC., a       (3)  **BREACH OF CONTRACT;**
    Florida corporation; and Does 1 through (4)  **BREACH OF THE**
16  50 inclusive,                       **COVENANT OF GOOD FAITH**
                                        **AND FAIR DEALING;**
17          Defendants.             (5)  **RESCISSION; AND**
                                        (6)  **DECLARATORY RELIEF**
18

                                        **REQUEST FOR JURY TRIAL**
19

20                                      CASE MANAGEMENT CONFERENCE

21                                      JAN 0 5 2011   8:30AM  Dept. I
                                                            Date
22

23

24

25

26

27

28

0013001/003/462865v03

1       Plaintiff Carl Stork ("Plaintiff") alleges, on information and belief, as follows:

2                                    **Introduction**

3       1.      This is an action to remedy a substantial fraud perpetrated by
4   Defendants John Textor ("Textor") and Jonathan Teaford ("Teaford") to benefit
5   themselves and Defendant Wyndcrest DD Florida ("WDDF") (collectively,
6   "Defendants"). Textor, Teaford and Plaintiff in this action were all members of the
7   board of directors of Digital Domain (fka Wyndcrest DD Holdings, Inc. and herein
8   referred to as "DD"). Textor, Teaford and Plaintiff were each also shareholders in
9   DD and were parties to a Stockholders Agreement. Unbeknownst to Plaintiff, during
10  their tenure as members of DD's board of directors, Textor and Teaford hid critical
11  communications between defendants and a company known as Century
12  Communications Limited of Noida, India ("Century") regarding Century's express
13  interest and actual proposal to purchase all of the shares of stock in DD. The secret
14  communications between Defendants and Century included a non-binding letter of
15  intent from Century to Textor to acquire all of the shares of stock in DD for
16  $65,000,000.00 (the "LOI"). Despite the fact that the LOI presented a transaction
17  that was in the best interests of the DD shareholders, defendants hid and suppressed
18  the LOI (and the communications leading up to it) from DD's board of directors,
19  management and other shareholders, including Plaintiff. Defendants hid the Century
20  LOI because (1) they were pressuring Plaintiff to sell his stock in DD for a steep
21  discount; (2) they were attempting to induce Plaintiff to resign from DD's board of
22  directors; and (3) they were attempting to siphon off DD's goodwill and assets for
23  another company, WDDF. Plaintiff and the other DD directors have only recently
24  learned of the depth of Defendants' deception. Plaintiff brings this action to rescind
25  his stock purchase agreement and concurrently executed release and indemnification
26  agreement with WDDF and to recover damages Defendants breaches of contract and
27  fraud.

28

0013001/003/ 462865v03

**The Parties**

2.      Plaintiff Carl Stork is, and at all times mentioned herein was, a citizen of the State of Washington.

3.      Defendant John Textor is, and at all times mentioned herein was, a citizen of the State of Florida.

4.      Defendant Jonathan Teaford is, and at all times mentioned herein was, a citizen of the State of Florida.

5.   .   Defendant WDDF is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of Florida with its principal place of business in Port St. Lucie, Florida.

**Facts Common to All Causes of Action**

6.      This action arises out of the parties' involvement in DD. DD is a visual effects and animation company incorporated in Delaware with its principal place of business in Venice, California.

7.      DD began producing visual effects in 1993 and is known for creating state-of-the-art digital imagery for feature films, television advertising, interactive visual media and the video game industry. DD also provides technical software solutions for the visual effects and animation industry. DD has been nominated for ten Academy Awards and has won seven. DD produced the visual effects for such films as *Titanic*, *True Lies* and *The Curious Case of Benjamin Button.*

8.      In May 2006, Plaintiff purchased shares of stock in DD and became an officer of the corporation and a member of the board of directors. Other shareholders included Defendants Textor and Teaford, prominent film director Michael Bay and former NFL player Dan Marino. Textor and Teaford were also members of DD's board of directors.

9.      Plaintiff is informed and believes and based thereon alleges that Textor and Teaford also own a stake in Defendant company WDDF and have been using WDDF to siphon off DD's business for their own gain.

3

0013001/003/462865v03

**A.    The Parties Enter Into the Stockholder's Agreement**

10.    On or about July 31, 2006, Textor, Teaford, Plaintiff and others entered into a Stockholder's Agreement (the "Stockholder's Agreement") outlining their rights and obligations with respect to each other as stakeholders in DD.

11.    Section 4(a) of the Stockholder's Agreement provides that fifteen (15) days prior to any contemplated transfer of shares by any investor, the investor must deliver written notice to DD and all other stockholders of the intent to transfer. The other stockholders then have the opportunity to sell their shares in the contemplated transfer at the same price and on the same terms as the contemplated transfer.

12.    Section 4(b) of the Stockholders Agreement provides that thirty (30) days prior to any voluntary transfer of shares, other than in accordance with Section 4(a), the transferring stockholder must deliver notice to DD and the other stockholders stating that the stockholder intends to explore a potential offer. DD then has the right to purchase all of the offered shares.

**B.    Textor and Teaford Sell Their Shares of DD.**

13.    Plaintiff recently discovered that on or about June 30, 2009, Textor and Teaford sold their shares of common stock in DD to WDDF for an aggregate purchase price of $8.8 million ($8,800,000.00) (the "WDDF Stock Sale").

14.    Textor and Teaford did not inform Plaintiff nor any other stockholder of DD of their intent to sell as required by Sections 4(a) and 4(b) of the Stockholder Agreement, nor did they offer any other stockholder the right to sell their shares to WDDF or offer DD the option to buy the shares Textor and Teaford intended to sell.

15.    On or about October 1, 2009, Textor and Teaford defrauded the DD shareholders into amending the Stockholders Agreement to exclude Textor and Teaford from the requirements of Section 4, described above, of the Stockholders Agreement. Textor and Teaford disclosed the fact of their transfer of DD shares to WDDF, but represented that no money was involved in their transfer of DD shares to WDDF and that any consideration was insubstantial. Textor and Teaford failed to

4
COMPLAINT

1  disclose the large amount of consideration received for the WDDF Stock Sale to the

2  DD stockholders prior to inducing them to enter into the October 1, 2009 amendment

3  to the Stockholder's Agreement.

4  **C.    Textor and Teaford Secretly Negotiate for the Sale of DD.**

5       16.    Since the parties investment in DD, through February 2010, Textor,

6  Teaford and Plaintiff were all members of DD's board of directors.  In or about late

7  2009 through early 2010, DD was suffering from cash flow difficulties.  A planned

8  public offering had failed to materialize and the company was looking for

9  opportunities to help it out of its difficult situation.

10      17.    Plaintiff is informed and believes and based thereon alleges that in or

11  about September 2009, Textor and Teaford were approached by Century, as well as

12  other companies based in India, concerning Century's express interest in acquiring

13  DD.  Century commenced negotiations with Textor regarding its interest in

14  purchasing DD.  Textor, however, kept these communications and negotiations secret

15  from the DD board and DD management, including Plaintiff.

16      18.    At this same time, Defendants were trying to persuade Plaintiff to sell

17  his shares of DD at a steep discount.  Thus, Defendants kept the Century negotiations

18  a secret from Plaintiff, and the DD board of directors, to induce Plaintiff to sell his

19  shares at a steep discount, had Plaintiff known of Century's expressed interest in

20  purchasing DD, he would not have agreed to sell his shares of stock in DD.

21      19.    Those discussions resulted in Century providing a non-binding Letter of

22  Intent to Textor, alone, dated February 10, 2010 (the "February 10 LOI"), pursuant to

23  which Century offered to purchase DD for $65 million ($65,000,000).  Despite his

24  clear obligation to present this letter to DD's board of directors, he hid it.  The

25  February 10 LOI was addressed only to Textor and evidences Century's desire to

26  acquire the stock of DD from DD's stakeholders at a premium price.  The February

27  10 LOI also evidences that Textor had been wrongfully representing to Century that

28  he had control of all of the DD shares.

20. Plaintiff is informed and believes and based thereon alleges that Textor never informed Plaintiff or any of DD's other officers or directors of the fact that he and Teaford had been secretly negotiating with Century regarding a potential sale of DD, or that those negotiations had culminated in a letter of intent to purchase the company for a substantial premium.

21. Plaintiff is informed and believes and based thereon alleges that Defendants Textor and Teaford suppressed the information regarding the interest in the acquisition of DD by Century, and others, so that Textor and Teaford could siphon DD's goodwill and business to WDDF and/or to pursue a sale or financing transaction with Century of WDDF, to the detriment of DD.

**D. Plaintiff Sells His Interest in DD.**

22. In or about February 2010, Plaintiff sold his entire stake in DD to WDDF for $530,000.00 and resigned his position on DD's Board of Directors. The transaction was memorialized in a Stock Purchase Agreement that included several other related agreements including a Release and Indemnification Agreement (the "Stock Purchase Agreement") signed by Plaintiff and Textor.

23. As a member of DD's board of directors, Plaintiff believed that he was aware of all facts relating to DD's financial condition. On that basis, Plaintiff sold his shares of DD stock.

24. To induce Plaintiff into selling his DD shares, Textor and Teaford concealed the communications with Century, the February 10 LOI and Century's stated interest in purchasing DD. Textor and Teaford further concealed from Plaintiff the fact that they had already sold their shares of DD stock for an aggregate price of $8.8 million.

0013001/003/ 462865v03

# FIRST CAUSE OF ACTION

## (Fraud Against Defendants)

25.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.    Textor and Teaford's course of conduct with respect to Plaintiff evidences a fraudulent scheme to deprive Plaintiff of his rights under the Stockholders Agreement and to induce Plaintiff to enter into the Stock Purchase Agreement.

27.    Textor and Teaford owed a contractual duty -- under Sections 4(a) and 4(b) of the Stockholders Agreement -- and a fiduciary duty -- as co-members of the Board of Directors of DD -- to Plaintiff to disclose any intent to transfer shares of DD. Textor and Teaford concealed the fact of the transfer of their DD shares to WDDF. Textor and Teaford then induced Plaintiff and the other DD stakeholders to amend the Stockholder's Agreement to ratify their illegal act, all the while concealing their transfer of DD shares at great personal benefit to themselves.

28.    Plaintiff was unaware of Textor and Teaford's transfer of DD shares for an aggregate purchase price of $8.8 million.

29.    Textor and Teaford intended to deceive Plaintiff by concealing the fact of their transfer of DD shares as evidenced by their efforts to amend the Stockholders Agreement to ratify their illegal acts.

30.    Plaintiff reasonably relied on Textor and Teaford's deception and was harmed thereby because Plaintiff was not given the opportunity to participate in the lucrative transfer of DD shares to WDDF.

31.    Textor and Teaford also owed a fiduciary duty, as co-members of the Board of Directors of DD, to disclose the fact of the communications with Century and the February 10 LOI.

0013001/003/462865v03

1    32.    Plaintiff was unaware of the February 10 LOI, or of any negotiations or
2  communications with Century for the sale of DD, prior to entering into the Stock
3  Purchase Agreement.

4    33.    Plaintiff reasonably relied on the fact that any demonstrated interest in
5  purchasing DD would be fully disclosed to its board of directors.

6    34.    Defendants Textor and Teaford also made affirmative
7  misrepresentations of material facts to Plaintiff regarding the reasons why Plaintiff
8  should sell his shares in DD.

9    35.    Textor and Teaford, as representatives of WDDF, intended to deceive
10  Plaintiff by making affirmative misrepresentations and concealing the fact of its
11  communications with Century so that Plaintiff would enter into the Stock Purchase
12  Agreement. But for Textor and Teaford's deception, Plaintiff would not have
13  entered into the Stock Purchase Agreement and he was, therefore, harmed by Textor
14  and Teaford's deception.

15    36.    As a direct and proximate result of Defendants' conduct, Plaintiff has
16  suffered and will continue to suffer damages in an amount to be proven at trial.

17    37.    Defendants, in doing the things alleged herein, acted with a conscious
18  disregard for Plaintiff's rights and are guilty of malice, oppression and fraud.
19  Plaintiff is, accordingly, entitled to punitive damages against Defendants in an
20  amount to be determined at trial.

21              **SECOND CAUSE OF ACTION**

22        **(Breach of Contract Against Defendants Textor and Teaford)**

23    38.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
24  through 24, inclusive, as though fully set forth herein.

25    39.    Plaintiff has performed all terms, conditions and covenants required on
26  its part to be performed in accordance with the Stockholders Agreement, except
27  those terms, conditions and covenants which Textor and Teaford have waived or

28

0013001/003/ 462865v03

1  which Plaintiff is excused or prevented from performing by virtue of Textor and
2  Teaford's material breaches of the Stockholders Agreement.

3      40.    Textor and Teaford have materially breached the Stockholders
4  Agreement by, among other things: (a) failing to give notice, as required by Section
5  4(a) of the Stockholders Agreement, to DD and the other stockholders of Textor and
6  Teaford's intent to transfer their DD shares to WDDF; (b) failing to give Plaintiff the
7  opportunity to sell his shares at the same price and on the same terms as the
8  contemplated transfer by Textor and Teaford to WDDF as required by Section 4(a)
9  of the Stockholders Agreement; (c) failing to give DD and the other stockholders
10 notice, as required by Section 4(b)(i) of the Stockholder's Agreement, of Textor and
11 Teaford's intent to transfer their shares to WDDF; and (d) failing to give DD the first
12 right opportunity to purchase Textor and Teaford's shares as required by Section
13 4(b)(ii) of the Stockholders Agreement.

14     41.    As a direct and proximate result of Textor and Teaford's material
15 breaches of the Agreement, Plaintiff has suffered and will continue to suffer general
16 and consequential damages as a direct and proximate result of Textor and Teaford's
17 breaches in an amount to be proven at trial.  Plaintiff is also entitled to an award of
18 prejudgment interest.

19              **THIRD CAUSE OF ACTION**
20        **(Violation of California Corporations Code § 25401)**
21     42.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
22 through 24, inclusive, as though fully set forth herein.

23     43.    Defendants' omitted to state material facts necessary in order to make
24 the statements made not misleading in connection with the purchase of Plaintiff's
25 shares of DD stock.

26     44.    Beginning less than two years before the filing of this action,
27 Defendants omitted material facts regarding Century's expression of interest to
28 purchase DD with the intent to induce Plaintiff to enter into the Stock Purchase

0013001/003/ 462865v03

1   Agreement. But for Defendants' material omissions Plaintiff would not have entered
2   into the Stock Purchase Agreement.

3       45.    As a direct and proximate result of Defendants' conduct, Plaintiff has
4   suffered and will continue to suffer damages in an amount to be proven at trial.

5   **FOURTH CAUSE OF ACTION**
6   **(Breach of the Covenant of Good Faith and Fair Dealing**
7   **Against Textor and Teaford)**

8       46.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1
9   through 24, inclusive, as though fully set forth herein.

10       47.    In addition to the duties expressed in the Stockholders Agreement,
11   Textor and Teaford owe and continue to owe Plaintiff the implied covenant of good
12   faith and fair dealing, which requires that Textor and Teaford do everything that the
13   Stockholders Agreement presupposes they will do to accomplish the Stockholder
14   Agreements' purpose, and requires Textor and Teaford to refrain from doing
15   anything that would destroy, injure or frustrate Plaintiff's right to receive the benefits
16   of the Stockholders Agreement.

17       48.    At all material times, Plaintiff performed all terms, conditions and
18   covenants required on his part to be performed in accordance with the Stockholders
19   Agreement, except those terms, conditions and covenants, if any, that Textor and
20   Teaford have waived or that Plaintiff is excused or prevented from performing by
21   virtue of Textor and Teaford's material breaches of the Stockholders Agreement or
22   other acts and omissions.

23       49.    Textor and Teaford have materially breached the covenant of good faith
24   and fair dealing in the Stockholders Agreement by its wrongful conduct alleged
25   herein, including without limitation by: (a) failing to give notice, as required by
26   Section 4(a) of the Stockholders Agreement, to DD and the other stockholders of
27   Textor and Teaford's intent to transfer their DD shares to WDDF; (b) failing to give
28   Plaintiff the opportunity to sell his shares at the same price and on the same terms as

10<br>COMPLAINT

1  the contemplated transfer by Textor and Teaford as required by Section 4(a) of the

2  Stockholders Agreement; (c) failing to give DD and the other stockholders notice, as

3  required by Section 4(b)(i) of the Stockholder's Agreement, of Textor and Teaford's

4  intent to transfer their shares to WDDF; and (d) failing to give DD the first right

5  opportunity to purchase Textor and Teaford's shares as required by Section 4(b)(ii)

6  of the Stockholders Agreement.

7      50.    As a direct and proximate result of Textor and Teaford's breaches of the

8  covenant of good faith and fair dealing, Plaintiff has suffered general, consequential

9  and incidental damages in an amount to be proven at trial.

10     51.    Textor and Teaford's breaches of the covenant of good faith and fair

11  dealing were committed with malice, fraud, and oppression, justifying an award of

12  prejudgment interest.

13              **FIFTH CAUSE OF ACTION**

14  **(Rescission of Stock Purchase Agreement Based on Fraud in the Inducement**

15                  **Against WDDF)**

16     52.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1

17  through 24, inclusive, as though fully set forth herein.

18     53.    On, or about, February 11, 2010, based on the affirmative concealment

19  of the February 10 LOI by Defendants Textor and Teaford, Plaintiff executed a Stock

20  Purchase Agreement and related documents, including the Release and

21  Indemnification Agreement, under the terms of which Plaintiff sold his shares of DD

22  to WDDF for the sale price of $530,000.00 and concurrently resigned his position on

23  DD's board of directors.

24     54.    Defendants Textor and Teaford (1) affirmatively concealed the

25  communications and interest of Century to deceive Plaintiff and induce him to enter

26  into the Stock Purchase Agreement; and (2) made affirmative misrepresentations of

27  material facts regarding the reasons why Plaintiff should sell his shares in DD and

28  enter into the release.

0013001/003/ 462865v03

55.    Defendants Textor and Teaford knew that had they revealed the facts about the aforementioned matters, and not concealed the truth of these matters from Plaintiff, Plaintiff would not have signed the Stock Purchase Agreement. Thus, Defendants made misrepresentations and concealed the truth in order to induce Plaintiff to sell his DD stock.

56.    Plaintiff is informed and believes and based thereon alleges that after Plaintiff entered into the Stock Purchase Agreement, he learned of Textor and Teaford's concealment.

57.    Plaintiff has suffered significant and substantial harm under the Stock Purchase Agreement and will continue to suffer continuing unjustified and unjustifiable financial and business losses if the Stock Purchase Agreement are not rescinded forthwith.

58.    Plaintiff intends service of the summons and complaint herein to serve as notice of rescission of the Stock Purchase Agreement, and thereby demand that Defendant restore to Plaintiff his stock in DD.

59.    As a result of entering into the Stock Purchase Agreement Plaintiff has incurred expenses and losses at an amount to be proven at trial.

WHEREFORE Plaintiff prays for relief as follows:

1.    Rescission of the Stock Purchase Agreement and all related documents and agreements including the Release and Indemnification Agreement;

2.    Declaratory relief that the Stock Purchase Agreement and all related documents and agreements including the Release and Indemnification Agreement is null and void;

3.    Damages in an amount to be proven at trial;

4.    Punitive damages;

5.    Interest;

6.    Costs of suit;

0013001/003/ 462865v03

1  7. Attorneys' fees; and

2  8. Other such relief as the Court deems appropriate.

3

4 Dated:  September 8, 2010   LINER GRODE STEIN YANKELEVITZ
             SUNSHINE REGENSTREIF & TAYLOR LLP

5

6          By:

7            Miles J. Feldman

8            Attorneys for Plaintiff
            CARL STORK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13
COMPLAINT

0013001/003/462865v03

## DEMAND FOR JURY TRIAL

Upper Deck demands trial by jury on all claims and counterclaims upon which jury trial is available.

Dated:  September 8, 2010

LINER GRODE STEIN YANKELEVITZ
SUNSHINE REGENSTREIF & TAYLOR LLP

By: _____
Miles J. Feldman
Attorneys for Plaintiff
CARL STORK

14
COMPLAINT

SC109526

CASE NO. _____

## NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

JACQUELINE CONNOR                    Department: _____

| | |
|---|---|
| Santa Monica Courthouse<br>1725 Main Street<br>Santa Monica, CA 90401 | □  Judge Richard A. Stone<br>Beverly Hills Courthouse<br>Department WE-X<br>9355 Burton Way<br>Beverly Hills, CA 90210 |

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

CASE MANAGEMENT REVIEW AND CONFERENCE: Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give notice of the Case Management Review and Conference to all named parties in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. Proof of service must be brought to the hearing if not previously filed. Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

TIME STANDARDS: Cases will be subject to processing under the following time standards:

COMPLAINTS: All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

CROSS-COMPLAINTS: No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

APPLICABLE RULES: Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 7 (Trial Court Delay Reduction), Chapter 8 (Civil Trial Procedure), Chapter 9 (Civil Law and Motion), and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

CHALLENGE TO ASSIGNED JUDGE: A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Government Code Section 68616, subdivision (i); Local Rule 7.5.)

PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE: Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)    Resolving any discovery disputes and setting a discovery schedule;

(2)    Identifying and, if possible, informally resolving any anticipated motions;

(3)    Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)    Identifying the facts and issues in the case that are in dispute;

(5)    Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)    Determining whether settlement is possible;

(7)    Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(8)    Other relevant matters.

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)    Whether there are any related cases;

(2)    Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)    Whether any additional parties may be added or the pleadings may be amended;

(4)    Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)    Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)    Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)    Whether an early settlement conference should be scheduled and, if so, on what date;

(8)    Whether discovery has been completed and, if not, the date by which it will be completed;

(9)    What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)    If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)    The estimated length of trial;

(16)    The nature of the injuries;

(17)    The amount of damages, including any special or punitive damages;

(18)    Any additional relief sought;

(19)    Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)    Any other matters that should be considered by the Court or addressed in its Case Management Order.

SANCTIONS: The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.

_____
GERALD ROSENBERG, Supervising Judge
Los Angeles Superior Court, West District

ADMIS/LM-12/1/09

-4-

| NAME, ADDRESS AND PHONE NUMBER OF ATTORNEYS | FILE STAMP |
| --- | --- |

Attorney(s) for:

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | CASE NUMBER |
| --- | --- |
| PLAINTIFF(S). | |
| vs. | STIPULATION AND ORDER RE BINDING ARBITRATION |
| DEFENDANT(S). | Status Conference Date:<br>At_____ a.m. in Department_____ . |

THE PARTIES SHOULD CONSIDER BINDING ARBITRATION. BINDING ARBITRATION PROVIDES FINALITY AND ELIMINATES COURT APPEARANCES. THE ARBITRATION IS PROVIDED AT NO COST TO THE PARTIES. IF THIS STIPULATION IS SIGNED AND FILED DIRECTLY IN THE ABOVE DEPARTMENT, FIVE COURT DAYS PRIOR TO THE DATE SET FOR THE STATUS CONFERENCE, NO APPEARANCE IS REQUIRED AT THE STATUS CONFERENCE.

The parties and their attorneys, hereby stipulate as follows:

1. The matter shall be submitted to binding arbitration and the parties waive their right to a trial de novo as provided in California Code of Civil Procedure, Section 1141.20.

2. _____ , a member of The Superior Court Arbitration panel, shall serve as arbitrator.

3. All cross complaints have been filed.

4. All fictitious and named defendants/cross-defendants who have not filed an answer are dismissed.

5. The court retains jurisdiction over motions to enforce the arbitration award and other post-arbitration motions.

Executed this_____ day of_____ , 20__ .

_____
Plaintiff

_____
Attorney for Plaintiff

_____
Defendant

_____
Attorney for Defendant

## ORDER

It is so ordered:

DATE:_____

JUDGE _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR)

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775 15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878. Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141 10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250 420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):

- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

Party Select Panel — The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Random Select Panel — The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Private Neutral — The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7066 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6139 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

| SHORT TITLE: Stork v. Textor, et al. | CASE NUMBER: SC 109526 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☒ DAYS.

Item II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos- Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☒ A6013 | Fraud (no contract) | 1., 2., ③ |

CIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Stork v. Textor, et al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6 |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6. |
| | ☐ A6032  Quiet Title | 2, 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2, 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2, 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2, 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6 |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

American LegalNet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0

Page 2 of 4

| SHORT TITLE: Stork v. Textor, et al | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151    Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152    Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153    Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150    Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003    Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007    Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006    Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035    Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036    Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014    Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141    Sister State Judgment | 2., 9. |
| | | ☐ A6160    Abstract of Judgment | 2., 6. |
| | | ☐ A6107    Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140    Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114    Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112    Other Enforcement of Judgment Case | 2., 8. ,9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033    Racketeering (RICO) Case | 1., 2.,8 |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030    Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040    Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011    Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000    Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113    Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121    Civil Harassment | 2., 3. ,9. |
| | | ☐ A6123    Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124    Elder/Dependent Adult Abuse Case | 2., 3. ,9. |
| | | ☐ A6190    Election Contest | 2. |
| | | ☐ A6110    Petition for Change of Name | 2., 7. |
| | | ☐ A6170    Petition for Relief from Late Claim Law | 2., 3. ,4., 8. |
| | | ☐ A6100    Other Civil Petition | 2., 9. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

American LegalNet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Stork v. Textor, et al. | CASE NUMBER: |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS:<br>300 Rose Ave. |
|---|---|
| ☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. | |
| CITY:<br>Venice | STATE:<br>CA | ZIP CODE:<br>90291 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Santa Monica___ courthouse in the West _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: September 8, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

Miles J. Feldman, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

American LegalNet, Inc.
www.FormsWorkflow.com

LASC, rule 2.0

Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Miles J. Feldman, Esq. (SBN 173383)<br>LINER GRODE STEIN YANKELEVITZ SUNSHINE REGENSTREIF & TAYLOR<br>1100 Glendon Ave., 14th Floor<br>Los Angeles, California 90024-3503<br>TELEPHONE NO.: (310) 500-3500   FAX NO.: (310) 500-3501<br>ATTORNEY FOR (Name): CARL STORK | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>SEP 08 2010<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By Jennifer Graham, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

CASE NAME: Carl Stork v. John Textor, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SC109526 |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | (Cal. Rules of Court, rules 3.400–3.403)<br>☐ Antitrust/Trade regulation (03) |

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☒ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 3.400–3.403)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action (specify): 6

5. This case ☐ is  ☒ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 8, 2010

Miles J. Feldman
_____
(TYPE OR PRINT NAME)   ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36) Other
    Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CIVIL CASE COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

1  PATRIC HOOPER (State Bar No. 57343)
   E-Mail:   phooper@health-law.com
2  MICHAEL S. HOUSKE (State Bar No. 218830)
   E-Mail:   mhouske@health-law.com
3  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
4  Los Angeles, California  90067-2517
   Telephone: (310) 551-8111
5  Facsimile: (310) 551-8181

6  Attorneys for Defendants John Textor, Jonathan
   Teaford and Wyndcrest DD Florida, Inc.

7

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                **COUNTY OF LOS ANGELES, WEST DISTRICT**

10

11 CARL STORK, an individual,                    CASE NO. SC 109526

12              Plaintiff,                        **DEFENDANTS' NOTICE OF FILING
                                                  NOTICE OF REMOVAL**
13       vs.
                                                  Date of Filing
14 JOHN TEXTOR, an individual; JONATHON          Of Complaint:  September 8, 2010
   TEAFORD, an individual; WYNDCREST DD
15 FLORIDA, INC., a Florida Corporation; and     Trial Date:      None Set
   Does 1 through 50, inclusive,
16
              Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1086907.1

1 | **TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2 |      PLEASE TAKE NOTICE that Defendants John Textor ("Textor"), Jonathan

3 | Teaford ("Teaford") and Wyndcrest DD Florida, Inc. ("WDDF"") (collectively,

4 | "Defendants") have this date filed a Notice of Removal of the above-captioned

5 | action in the United States District Court for the Central District of California,

6 | Western Division, a copy of which is attach hereto as Exhibit A.

7 |      Pursuant to 28 U.S.C. § 1446, the filing of this removal of petition, "effect[s]

8 | the removal and the State court shall proceed no further unless and until the case is

9 | remanded."

10 |

11 | DATED: October 11, 2010         HOOPER, LUNDY & BOOKMAN, P.C.

12 |

13 |                           By: _____

14 |                               MICHAEL S. HOUSKE
                         Attorneys for Defendants John Textor, Jonathan Teaford
                         and Wyndcrest DD Florida, Inc.

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, Suite 1600, Los Angeles, California 90067-2517.

On October _12, 2010, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Miles J. Feldman, Esq.
Liner Grode Stein Yankelvitz, etc
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3501

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hooper, Lundy & Bookman, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 12, 2010, at Los Angeles, California.

Nancene Cohen

Nancene Cohen

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181